## SUFFICIENCY OF SIGNATURES TO A REFERENDUM PETITION.

Common Pleas Court of Cuyahoga County.

IN RE SUFFICIENCY OF SIGNATURES UPON REFERENDUM PETITION AMENDED SENATE BILL No. 307, KNOWN AS THE McDERMOTT LAW, PASSED BY THE LEGISLATURE OF THE STATE OF OHIO ON MAY 27, 1915.

Decided, September 14, 1915.

*Elections—Referendum Petitions Signed with an Indelible Pencil are Valid—Name of Signer Must be Written by Himself—Definiteness as to Residence of Signers.*

1. The constitutional provision that the names of all signers of referendum petitions shall be written in ink, is substantially complied with by the use of an indelible pencil, and an objection to the sufficiency of such signatures on the ground that they are written with an indelible pencil does not lie.
2. The requirement that the name of a signer of a referendum petition be written by himself is absolute; the date of signing and the residence of the signer are material, but may be filled in by another.
3. If the date of signing and residence of the person purporting to sign a petition do not appear on the petition, or if the residence can not be definitely ascertained from the petition, objection lies thereto.

*Cyrus Locher* and *Fred. W. Green*, for petitioners.
*Joseph McGhee* and *James T. Boulger*, contra.

ESTEP, J.

This petition is filed by the board of deputy state supervisors and inspectors of elections for Cuyahoga county, Ohio, under the provisions of Section 5175-29$i$ of the code as amended on May 5, 1915.

The parts of the petition under consideration are numbered from "1" to "138" inclusive, being parts of a petition circulated for referendum on Amended Senate Bill No. 307, as passed by the Legislature of the state of Ohio, on May 27, 1915.

The board, after scrutinizing the parts of said petition referred to, by resolution passed on September 10, 1915, enumerated certain defects in the parts of said petition, and the court is now asked to declare the signatures to which objections have been made to be insufficient in law.

The following defects are set up in said resolution, which is attached to and made a part of the petition:

1. Signatures attached to the petition in indelible pencil, contrary to the provisions of the Constitution.

2. Dates of signing and places of residence appear on the petition in handwriting other than that of signers, contrary to the provisions of the Constitution.

3. Names appear upon said petition not in the handwriting of those whose names purport to be on the petition, which signatures are illegal and contrary to the provisions of the Constitution.

4. That in some instances the complete residences, as provided by the Constitution, are not given.

5. Names appear on the petition that are not on the registration books.

The case was submitted to the court upon the following stipulation entered into between counsel representing the board and counsel representing those interested in the petition:

"It is hereby agreed to by and between counsel herein that the total number of signatures contained upon parts of referendum petition upon Amended Senate Bill No. 307, passed by the Legislature upon May 27th, 1915, commonly known as the McDermott act, is 4878; that 4658 of said signatures are placed upon said parts of said petition with indelible pencil; that in case of 3961 of said signatures the county, city, and the said village and township do not appear upon said parts of said petition in the same handwriting as the signature. That in case of 569 of said signatures the complete residence of the person purporting to sign said parts of said petition do not appear upon said parts of said petition. That of said 4658 and 3961 signatures hereinbefore referred to, 175 are insufficient for other reasons.

"The parts of said petition referred to are parts numbered from one to one hundred and thirty-eight, both inclusive."

The answer to the objections or defects complained of call for a consideration of Section 1*g* of Article II of the Constitution, which relates to initiative, supplementary or referendum petitions, their requirements, etc.

The first objection relates to the signing of 4658 signatures made with an indelible pencil. This objection is not very seriously urged by the board.

The Constitution requires, in the provision above referred to, that the names of all signers to such petition shall be written in ink, each signer for himself.

The purpose of this provision has for its object the preservation of the signatures, and to prevent them from being erased from the petition. It is practically conceded that an indelible pencil contains ink solidified, and that the purpose and intent of preserving signatures is fully complied with in the use of the indelible pencil. It has been the almost universal practice in this state, in the signing of petitions of the character of the one in question, to use the indelible pencil, and, so far as I am advised, no one has ever questioned its use up to this time. I think that the provision of the Constitution has been substantially complied with in this respect, and this objection is overruled.

The second objection in the stipulation refers to 3961 of said signatures in which the county and state, and the village and township following the signer's name do not appear in the same handwriting as that of the signature.

Section 1*g*, Article II of the Constitution makes it mandatory that the signing of the petition should be by the signer himself. This act can not be delegated to another. This clearly appears upon a careful reading of this section of the Constitution. The name of the signer must be signed by himself, and shall be written in ink. The circulator of the parts of the petition must make oath that each of the signatures was made in his presence; that the signature was genuine; that he believes that the person who signed said petition had knowledge of its contents, and that he signed the same on the date set opposite his name. It is also a necessary requirement of the Constitution that the date of signing and the place of residence of the signer shall appear opposite his name on said petition. The Constitution provides that the

signer shall place on such petition, after his signature, the date
of signing and his place of residence. A resident of a munici-
pality shall state, in addition to the name of such municipality,
the street number, if any, of his residence, and the ward and pre-
cinct in which the same is located. If he resides outside of a mu-
nicipality, he shall state the township and county in which he
resides. Nowhere in this provision of the Constitution do wo
find the express requirement that the signer of the petition shall
write this data. If it might be said from any language in this
section of the Constitution, that the signer should write in this
data, in my opinion it is not a mandatory duty, but directory
only. I am of the opinion that the signer can give this informa-
tion to the circulator of the petition, and that it can be written
in by another person. This data in relation to place of residence
of the signer and date of signing must be given, and must be
placed upon the petition opposite the signer's name. If it does
not so appear upon the petition in the proper place, the name
should not be counted; otherwise the board would have no means
of determining whether or not the signer is an elector, whether
the signature is genuine, nor would the board have any means of
detecting fraud and perjury in the procurement of signatures to
these petitions.

In a consideration of Section 1g, Article II of the Constitution,
I feel satisfied that, while the name of the signer to a referendum
petition should be written by himself, and that it is an absolute
requirement that the date of signature and place of residence
shall appear on said petition opposite the name of the signer,
yet I am of the opinion that this information, given by the
signer as to his place of residence and date of signing, may be
placed upon the petition by another, and in a different hand-
writing than that of the signature. Holding this view, I over-
rule this objection.

The third objection contained in the stipulation relates to 569
signatures where the complete residence of the person purporting
to sign said parts in said petition do not appear on said parts of
said petition.

I have already held that the requirement that the residence of
the signer and the date of signing, as required by the Constitu-

tion, is a material requirement; and that the same, as required by the Constitution, should appear in the petition in connection with the name of the signer.   If the residence of the person purporting to sign said petition, and the date of the signing, do not appear upon the parts of said petition filed, and is not complete in the sense that his residence as set out in the petition can not be definitely ascertained, then I am of the opinion that this objection should be sustained, and that the 569 names should be taken from the parts of the petition upon which they appear.   I am inclined to think, howover, that if the residence is not set out in complete detail, yet if from the information set out opposite the signature the residence of the signer can be reasonably gathered and ascertained, the objection would not be well taken. Not being advised as to the extent of the completeness or incompleteness of the data as to the residences of those 569 signers, I am, unable to say whether or not all of these signatures should be taken off.   This could only be ascertained from an inspection of the petition.

It is stipulated by counsel that, of the said 4658 and 3961 signatures hereinbefore referred to, 173 are insufficient for other reasons, and the court therefore, by consent of counsel, takes from the parts of said petition the 173 names referred to.